UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOHN R. ATKINSON, III,

               Plaintiff,

  -against-                                    **MEMORANDUM AND ORDER**

THE STATE OF NEW YORK; JOHN DOE I;          07-CV-507 (NGG)
JOHN DOE II,

               Defendants.
---------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge:

      The court is presented with a letter dated December 24, 2007 from the Suffolk County Attorney's Office (see Docket Entry # 6), which the court deems to be a Motion for Reconsideration, pursuant to Fed. R. Civ. P. 59(e) and 60(b) and Local Civil Rule 6.3, of the court's Memorandum and Order dated September 21, 2007 ("9/21/07 M&O" (see Docket Entry # 4)). For the reasons that follow, the motion is GRANTED, and the 9/21/07 M&O is vacated only to the extent that it directed the Suffolk County Attorney's Office, a non-party to this action, to provide Plaintiff with information concerning Defendants John Doe I and John Doe II, both of whom are New York State Court Officers. In its stead, the court hereby directs the New York State Attorney General to appear in this action and ascertain the full names and badge numbers, if relevant, of the unidentified court officers whom Plaintiff seeks to sue and the addresses where each may be served within 45 days of the entry of this Order.

      Plaintiff, currently incarcerated at Bare Hill Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that he was assaulted on September 7, 2005 by a court officer assigned to Judge Farneti's courtroom in the New York State Supreme Court, Suffolk

County, and that a second court officer witnessed the assault but refused to intervene. Plaintiff seeks medical treatment and damages. In its 9/21/07 M&O, the court *inter alia* dismissed the Complaint as to the State of New York and permitted the case to proceed against the remaining two defendants, Joe Doe I and John Doe II, both employees of the New York State Supreme Court who worked in the courtroom of Judge Farneti and who participated in the alleged violation of Plaintiff's civil rights. Pursuant to the mandate of the Second Circuit Court of Appeals in Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), holding that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant, the court directed the Suffolk County Attorney to "ascertain the full names (and badge numbers, if relevant) of the unidentified court officers whom plaintiff seeks to sue – and the addresses where each may be served – and provide that information to Plaintiff and the court within 45 days of this Order." (9/21/07 M&O at 4.)

In its motion for reconsideration, the Suffolk County Attorney, a non-party to this action, advised the court that New York State Court Officers are not employees of the County of Suffolk and that it has no access to information concerning them, nor is it authorized to act on their behalf. Therefore, to the extent that the 9/21/07 M&O directed the Suffolk County Attorney to provide information to Plaintiff regarding John Doe I and John Doe II, the court hereby vacates its earlier decision. Furthermore, pursuant to Valentin, the court has taken certain steps to assist Plaintiff in identifying the two unnamed Defendants. By *sua sponte* telephone calls on March 28, 2008, the court was informed by the managing clerk at the New York State Attorney General's Office and by the deputy counsel to the New York State Unified Court System that the New York State Attorney General is the proper entity that will represent New York State Court

Officers who are sued under § 1983 in the course of their official duties. Accordingly, and pursuant to the Second Circuit's mandates, the court directs the New York State Attorney General, a non-party to this action, to appear in this action and ascertain the full names and badge numbers, if relevant, of the unidentified court officers whom Plaintiff seeks to sue and the addresses where each may be served, as indicated in the 9/21/07 M&O. This information is to be provided to Plaintiff and to the court within 45 days of the entry of this Order.

    The Clerk of Court is directed to serve a copy of (1) this Order, (2) the 9/21/07 M&O, and (3) the docket sheet on the New York State Attorney General by certified mail, return receipt requested. The Clerk of Court is further directed to serve a copy of this Order on the *pro se* Plaintiff.

SO ORDERED.

Date: April 1, 2008                               /s Nicholas G. Garaufis
      Brooklyn, New York                NICHOLAS G. GARAUFIS
                                          United States District Judge