FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 31 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOHN R. ATKINSON, III,

                Plaintiff,

    -against-

JOHN DOE I and JOHN DOE II,

                Defendants.

NEW YORK STATE ATTORNEY GENERAL,

                Interested Party.

----------------------------------------------------------------X

**ORDER**

**07-CV-00507 (NGG) (ARL)**

NICHOLAS G. GARAUFIS, United States District Judge.

On February 5, 2007, Plaintiff John R. Atkinson, III, filed a pro se action against the State of New York and two John Doe New York State Court Security Officers. (Compl. (Docket Entry # 1).) On September 24, 2007, the court dismissed Plaintiff's claims against the State of New York, and granted Plaintiff's request to proceed in forma pauperis. (Docket Entry # 3.) On April 1, 2008, the court ordered the New York State Attorney General to ascertain the names and addresses of the two John Doe officers and provide that information to the court and Plaintiff. (Docket Entry # 9.) The New York State Attorney General then provided the names of the two officers who were likely the John Does Plaintiff wishes to sue. (Docket Entry # 11.) After the state provided the likely names of the John Does, Plaintiff did not amend his Complaint to bring claims against these individuals. Plaintiff did, however, write a letter to the court inquiring about how to serve these individuals. (Docket Entry # 13.) On November 4, 2011, after a period of

inactivity, the court ordered Plaintiff to either amend his Complaint to allege claims against the two identified individuals, so that they could be served with process, or withdraw his suit. (Docket Entry # 14.) Plaintiff has not taken either action, nor communicated with the court in any other way, in the almost nine months since that Order issued.

This case has been pending without service of process on any defendant for far more than the 120-day limit established by Federal Rule of Civil Procedure 4(m). Plaintiff was specifically instructed on what step was required of him before process could be issued, and has not performed that step. Nor has he made any effort to show good cause for this failure. Therefore, the court DISMISSES this case pursuant to Rule 4(m). In the alternative, the court DISMISSES this case for failure to prosecute as Plaintiff's non-response to the court's Order has caused a delay of almost nine months, the potential defendants would be prejudiced by further delay from an extremely stale case, Plaintiff has had a long period of time—and specific instructions on how—to have his day in court, and the court is aware of no lesser sanction that is available. See U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      July 31, 2012

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge